IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WASEEM DAKER, <br> GDC No. 907373, <br>     Plaintiff, <br> <br> v. <br> <br> REBECCA KEATON, Clerk, <br> et al., <br>     Defendants. | PRISONER CIVIL RIGHTS <br> 42 U.S.C. § 1983 <br> <br> <br> <br> CIVIL ACTION NO. <br> 1:16-cv-3745-SDG-JKL |

## ORDER AND FINAL REPORT AND RECOMMENDATION

The matter is before the Court on Plaintiff Waseem Daker's renewed application for leave to proceed *in forma pauperis* ("IFP"), the second that he has filed in this action. According to Plaintiff's instant IFP application, between April 12, 2021, and April 4, 2022, he received $1,400 in stimulus payments and $4,625 as "gifts" or "loans" from friends. (Doc. 74 at 2.) Plaintiff lists no other sources of income during that time period. (*See id.*) Plaintiff avers that he spent "most" of that income on filing fees, as well as contributing $200 per month to his parents' phone, TV, and internet bills, until they passed away in July 2021 and November 2021, respectively. (*Id.*) Plaintiff indicates that he possesses $531.60 in total assets split between several accounts. (*Id.*)

This Court has previously concluded that Plaintiff's allegations of poverty are untruthful, *see, e.g.*, Order [12], *Daker v. Owens, et al.*, 1:15-cv-512-RWS (N.D. Ga. May 26, 2015), and the Eleventh Circuit has affirmed that conclusion, *see, e.g.*, Opinion and Order, *Daker v. Comm'r, Ga. Dep't of Corr.*, No. 15-13147-D (11th Cir. Nov. 18, 2016). Notably, the Gwinnett County Tax Assessor's public records indicate that Plaintiff sold real property on August 27, 2018, for a sale price of $464,900. Property Detail, https://gwinnettassessor.manatron.com/IWantTo/PropertyGISSearch/PropertyDetail.aspx?p=R7056%20404&a=3323768414-13042; searching for "R7056 404" (last visited Jun. 21, 2022). Plaintiff previously averred that he possessed $50,000 of equity in this real property as of January 2012 based on a value of $395,000. Aff. [2] at 2, *Daker v. Dawes, et al.*, No. 1:12-cv-0119-RWS (N.D. Ga. Jan. 11, 2012). As a result, Plaintiff's equity in the property at the time of sale apparently exceeded $119,000, not accounting for mortgage payments made since January 2012. Plaintiff has offered no accounting or explanation for any funds he received from the sale of his house. Plaintiff also previously admitted to receiving "about $3100/month" in rental income from the property. *See* Aff. [2], *Daker v. Jackson*, No. 1:17-cv-366-RWS (N.D. Ga. Jan. 30, 2017).

In addition, Plaintiff has admitted in prior suits to possessing substantial financial instruments and personal property, including (1) an annuity through American Equity Investment Life Insurance Company, (2) valuable collections of books, CDs, video games, and electronics, including a "rare, collectible video game console" that was sold on April 29, 2018, for "$14,600," (3) a pool table, and (4) an "expensive crystal chandelier." *See* Complaint [1], *Daker v. Daker, et al.*, No. 1:19-cv-1636-SDG-JKL (N.D. Ga. Apr. 10, 2019). While Plaintiff alleges that this property was converted between February 2017 and April 2018, nowhere does he suggest that he did not own this property at the time he filed this suit in October 2016. Plaintiff has separately averred that he gave relatives powers of attorney over unspecified "assets" to protect them from law-enforcement "monitoring." *See* Mot. [6] at 10, No. 1:12-cv-0119-RWS. Plaintiff has never disclosed the nature or value of his financial assets that other individuals are managing on his behalf.

Nonetheless, Plaintiff represented in his original October 6, 2016, IFP application filed in this action only that (1) he owned a house, used the rental income to pay the mortgage payments, and "did not receive anything [himself]," and (2) that he possessed "$0.00" in other assets. (Doc. 2 at 1-2.) Plaintiff did not list any of the other pre-existing property that he later identified in Case No. 1:19-

3

cv-1636-SDG-JKL.  (*See id.*)  Moreover, since at least 2014, Plaintiff has paid tens of thousands of dollars in civil filing fees—including paying fees in actions and appeals filed after the present renewed IFP motion in this case.  *See, e.g.*, *In re Daker*, No. 22-11983 (11th Cir. filed Jun. 16, 2022) ($505.00 fee paid at the time of filing); *Daker v. Ward, et al.*, No. 6:22-cv-0036-JRH-BKE (S.D. Ga. filed May 24, 2022) ($402.00 fee paid at the time of filing); *Daker v. Ward, et al.*, No. 22-10632 (11th Cir. filed Feb. 25, 2022) ($505.00 filing fee paid on Mar. 17, 2022); *Daker v. State Farm Fire and Casualty*, No. 21-3210 (7th Cir. Dec. 21, 2021) ($505.00 fee paid); *Daker v. Chief Legal Officer, Valdosta State Prison, et al.*, No. 21-14102 (11th Cir. filed Dec. 6, 2021) ($505.00 fee paid at the time of filing); *Daker v. Toole, et al.*, No. 21-13660 (11th Cir. filed Oct. 19, 2021) ($505.00 fee paid at time of filing); *Daker v. Owens, et al.*, No. 21-13169 (11th Cir. filed Sept. 7, 2021) ($505.00 fee paid Nov. 17, 2021); *Daker v. Owens, et al.*, No 21-11400 (11th Cir. filed Apr. 22, 2021) ($505.00 fee paid Dec. 9, 2021); *Daker v. Alston & Bird, LLP, et al.*, No. 21-11363 (11th Cir. filed Apr. 21, 2021) ($505.00 fee paid August 10, 2021); *Daker v. Adams, et al.*, No. 21-11068 (11th Cir. filed Apr. 1, 2021) ($505.00 fee paid Sept. 16, 2021).  Based on Plaintiff's particular history and

circumstances, the Court finds Plaintiff's averment that he paid these court fees entirely with "gifts" from unspecified "friends" to be incredible.

Consequently, as this Court and other courts have repeatedly found, it is clear that Plaintiff has possessed considerable assets from the onset of his present incarceration but has engaged in a longstanding pattern of deliberately concealing or misstating his assets in order to pursue IFP civil litigation. *See, e.g.*, Order [12] at 7, 1:15-cv-512-RWS (finding that "substantial assets," such as "a car that is paid off in full," "vanish[] without explanation from Daker's subsequent disclosures of assets" when seeking IFP status).

The IFP statute provides that "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue[.]" 28 U.S.C. § 1915(e)(2)(A). A court may look beyond a prisoner's application to determine his financial condition. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 n.3 (11th Cir. 2004). The Eleventh Circuit has held that a dismissal with prejudice based on an untrue allegation of poverty should be imposed only if the district court concludes that lesser sanctions are inadequate. *See Camp v. Oliver*, 798 F.2d 434, 438-39 (11th Cir. 1986); *Attwood v. Singletary*, 105 F.3d 610, 612-13 (11th Cir.

1997) (noting that, because dismissal with prejudice is a harsh sanction, it is generally only appropriate in cases involving bad faith).

A history of manipulation may support a finding of bad faith and dismissal with prejudice. *See Collier v. Reigio*, 760 F.2d 279 (11th Cir. 1985) (affirming the district court's dismissal with prejudice based on a 30-cent discrepancy in the petitioner's IFP affidavit where the petitioner was a chronic litigant with a history of fraudulent manipulation of his bank account), *cited with approval by Camp*, 798 F.2d at 437-38. Further, "the Court has a duty to deny [IFP] status to those individuals who have abused the system." *In re Sindram*, 498 U.S. 177, 180 (1991) (stating that the goal of fairly dispensing justice is compromised when the Court is forced to devote its limited resources to processing repetitious and frivolous requests). Finally, the Eleventh Circuit has found bad faith sufficient to support dismissal with prejudice when a plaintiff attempts to claim indigent status while failing to draw the court's attention to previous authoritative determinations of his lack of indigency. *Dawson v. Lennon*, 797 F.2d 934, 935-36 (11th Cir. 1986).

As to the instant case, the Court finds that lesser sanctions are inadequate and that dismissal with prejudice is warranted. Plaintiff has a lengthy history of bad faith manipulation and abuse of the judicial system. The Eleventh Circuit has

characterized Plaintiff as "serial litigant who has clogged the federal courts with frivolous litigation" by "submitt[ing] over a thousand *pro se* filings in over a hundred actions and appeals in at least nine different federal courts." *Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1281 (11th Cir. 2016).

Here, Plaintiff filed this suit in October 2016 and claimed indigency. (Doc. 2.) In 2019, Plaintiff filed an action disclosing the existence of substantial pre-existing financial instruments and valuable personal property. *See* Complaint [1], No. 1:19-cv-1636-SDG-JKL. Plaintiff also admitted in other actions to possessing at least $50,000 of equity from his house and deriving rental income from the house, which he still owned at the time he filed this action. Aff. [2] at 2, No. 1:12-cv-0119-RWS; Aff. [2], No. 1:17-cv-366-RWS. Additionally, Plaintiff engaged in "deliberate misstatement of his finances" when he claimed to have $0.00 in his accounts but contemporaneously and subsequently paid many thousands of dollars in court fees without disclosing the source of these funds. *See Daker. v. Ga. Dep't of Corr.*, No. 15-13147 (11th Cir. Nov. 18, 2016) ("At the very least, Mr. Daker had to have known the source of the money used to pay his filing fees in his other cases[.]"). The inescapable conclusion is that Plaintiff has engaged

in deliberate bad-faith concealment of his assets at the onset and for the duration of this suit.

Moreover, federal courts have repeatedly found that Plaintiff is not indigent and dismissed his suits on that basis. *See, e.g.*, Consolidated Order and Opinion, *In re: Daker*, Nos. 14-13042-C, 14-13047-C, 14-13049-C, 14-13051-C, 14-13053-C (11th Cir. Apr. 30, 2015) (dismissing five appeals because "the statements in his affidavit of poverty are untrue"); Consolidated Order, *In re: Daker*, Nos. 1:14-cv-2550-RWS, 1:14-cv-3856-RWS, 1:15-cv-263-RWS, 1:15-cv-512-RWS (N.D. Ga. May 26, 2015) (dismissing four actions based on a finding that Daker's allegations of poverty are untrue); Order [38], *Daker v. Warren*, No. 1:12-cv-2605 (N.D. Ga. Jun. 5, 2014) ("it has become clear over time that Daker . . . is not indigent"). At no point in either of his IFP applications filed in this action did Plaintiff disclose the existence of prior judicial determinations that he is not indigent. This failure to disclose is itself bad faith sufficient to support dismissal with prejudice. *See Dawson*, 797 F.2d at 935-36.

Accordingly, to the extent that the Court has considered Plaintiff's IFP application, Plaintiff's motions [70], [71] for an extension of time to file his financial affidavit are **GRANTED**.

8

Plaintiff's IFP Application [74] is **DENIED**.

It is **RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** pursuant to 1915(e)(2)(A) and as a sanction for abuse of the judicial process.

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 22nd day of June, 2022.

_____
JOHN K. LARKINS III
United States Magistrate Judge