IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WASEEM DAKER,
    Plaintiff,

            v.

REBECCA KEATON, *et al.*,
    Defendants.

Civil Action No.
1:16-cv-03745-SDG

## <u>OPINION AND ORDER</u>

Before the Court is the Order and Final Report and Recommendation (R&R) of United States Magistrate Judge John J. Larkins, III [ECF 75], which recommends that this action be dismissed as a sanction for Plaintiff Waseem Daker's abusiveness and bad faith in knowingly submitting false applications to proceed *in forma pauperis* (IFP). Daker has filed objections.[1] After careful consideration of the record, Daker's objections are **OVERRULED**, and the R&R is **ADOPTED** in its entirety as the Order of this Court.

## I.   Background

Daker filed the instant 42 U.S.C. § 1983 civil rights complaint in October 2016, raising claims against numerous judges of the Superior Court of Cobb

---

1    ECF 79.

County, Georgia, as well as that court's clerk and various clerk's office employees.[2]

He alleges that Defendants improperly delayed, failed to rule on, or otherwise failed to follow state statutory procedural requirements in connection with six habeas corpus petitions, two mandamus petitions, and several motions he filed. Daker claims that, under O.C.G.A. § 9-15-2(d), *in forma pauperis* and *pro se* pleadings must be submitted to a judge for a preliminary review prior to docketing.[3] He asserts that this requirement does not apply to petitions for habeas corpus but that Defendants apply it to such petitions anyway.[4] Daker also contends that the judges of the Cobb County Superior Court "have adopted a policy that when a civil action is presented for filing pro se and [IFP], the Clerk Defendants shall not present it to an active judge for . . . review, but to a senior judge."[5] Daker contends that these policies caused delays in several of his cases and therefore violated his constitutional right of access to the courts.

Daker further asserts that (1) a judge improperly dismissed two habeas corpus petitions and a mandamus petition for failing to pay the filing fee even

---

[2]    ECF 1.

[3]    *Id.* ¶ 9.

[4]    *Id.* ¶ 13.

[5]    *Id.*

though such fees are not required in habeas or mandamus actions; (2) a judge failed to rule on another habeas corpus petition; (3) judges have failed to rule on several motions that he filed; and (4) two of his habeas corpus petitions and a mandamus petition were presented to a judge, but no order was ever issued in connection with them.[6]

On January 16, 2020, the Court ruled that Defendants, as judicial officials or judicial employees, were immune from Section 1983 claims, and dismissed the Complaint.[7] The Eleventh Circuit vacated that order and reversed, noting that, while state court judges are entitled to absolute immunity for monetary damages, Daker also seeks declaratory and injunctive relief and judicial immunity is not absolute with respect to such claims.[8] The Court of Appeals thus remanded for further proceedings. On remand, the Court must address whether "(1) declaratory relief was unavailable to Daker such that he was entitled to injunctive relief and (2) if declaratory relief was available, whether Daker's allegations made the

---

[6]   *Id.* at 9–13.

[7]   ECF 52.

[8]   ECF 62, at 5–6.

requisite showing under *Bolin* [*v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)] of entitlement to such relief."[9]

After remand, the case was referred to a United States Magistrate Judge. The magistrate judge noted that Daker had never formally been granted permission to proceed IFP although he filed his first IFP affidavit along with the Complaint.[10] Accordingly, on December 8, 2021, she directed Daker to file an updated financial affidavit so that his entitlement to proceed IFP could be determined.[11] On March 30 and 31, 2022, respectively, the then-assigned district judge and magistrate judge recused, and the action was transferred to undersigned and a different magistrate judge.[12] Daker filed his second, updated IFP application on April 8.[13] That application is the subject of the R&R to which Daker now objects.

## II.    Standard of Review

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and

---

[9]    *Id.* at 6–7 (footnote omitted).

[10]    ECF 2 (first IFP affidavit).

[11]    ECF 67.

[12]    ECF 72; ECF 73.

[13]    ECF 74 (second IFP affidavit).

must assert a specific basis for each objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). "Frivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). Accordingly, the Court reviewed *de novo* those portions of the R&R to which Daker objects.

## III.   Discussion

Because Daker's entitlement to declaratory or injunctive relief under *Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000), depends on his ability to proceed in court without having paid the necessary filing fee or been granted IFP status, the Court finds it appropriate to start there.

### A.   The R&R's Conclusions

In considering Daker's updated IFP application, the R&R detailed how this and other courts—including the Eleventh Circuit—have repeatedly found that Daker's assertions of poverty are not true and that he has, in bad faith, fraudulently misrepresented his financial status to avoid paying the required

filing fees.[14] Notably, when Daker initiated this action, he had at least $50,000 in equity in a home.[15] Daker sold the home in 2018, making at least $119,000 in profit for which he failed to account in his second IFP affidavit.[16] In other cases, Daker has variously claimed ownership of valuable assets that, based on the timing of his claims, he owned when he initiated this action.[17] He did not identify those assets in his first IFP affidavit.[18]

In addition, the R&R indicated that, since 2014, Daker has paid "tens of thousands of dollars in civil filing fees" for suits and appeals in federal courts.[19] In fact, Daker admits to paying $34,466 in federal court filing fees since 2016.[20] After the R&R was issued, even more evidence came to light demonstrating that Daker's claims of poverty are untrue: On October 11, 2022, Daker paid a $505.00 fee for an appeal in the Eleventh Circuit. *Daker v. Owens*, Case No. 22-13438 (11th Cir.). On March 7, 2023, he paid $402.00 in administrative and filing fees for a suit he

---

[14]  *See generally* ECF 75.

[15]  *Id.* at 2.

[16]  *Id.*

[17]  ECF 75, at 3.

[18]  ECF 2.

[19]  ECF 75, at 4.

[20]  ECF 79, at 12–15.

brought in the District of Columbia. *Daker v. Wietelman*, Case No. 1:23-cv-00378-CKK (D.D.C.). On March 27, 2023, he paid $505.00 each for two more appeals before the Eleventh Circuit. *Daker v. Owens*, Case No. 23-10146 (11th Cir.) and *Daker v. Owens*, Case No. 22-14263 (11th Cir.).

Because Daker has possessed and continues to possess considerable assets but has nonetheless "engaged in a longstanding pattern of deliberately concealing or misstating his assets in order to pursue IFP civil litigation,"[21] the magistrate judge recommended that this action be dismissed with prejudice as a sanction for Daker's inaccurate IFP applications as well as his extensive history of bad faith, manipulation, and abuse of the judicial process.[22]

## B.    Daker's Objections

In his objections, Daker first insists that, because of his *pro se* status, his IFP application should be held to a less stringent standard.[23] Second, he contends that his prior ownership of a home should not disqualify him from proceeding IFP because he should not be required to sell his home to gain access to the courts.[24]

---

[21]   ECF 75, at 5.

[22]   *Id.* at 7–8.

[23]   *Id.*

[24]   *Id.* at 6.

Third, in challenging the R&R's conclusion that he had engaged in bad faith and abuse, Daker argues that he should not be penalized for failing to offer an accounting of the proceeds from the sale of his house or a list of the other valuable property mentioned in the R&R because the IFP application form did not require it.[25] Daker's objections also offer an unsubstantiated "accounting" that purports to show how he did not receive any of the proceeds from the house sale.[26] He states that the magistrate judge correctly noted that his equity in the property was $119,000, but his profits were exhausted (1) to repay debts to a friend ($65,000); (2) to pay a legal bill ($19,500); and (3) to pay court filing fees ($34,466). By Daker's telling, he spent a total of $120,576.[27]

Fourth, Daker argues that the magistrate judge misinterpreted the second IFP affidavit, improperly concluding that Daker's friends had paid all of his court filing fees.[28] He then provides a description—unsupported by evidence—of the purported sources of those funds.[29] Fifth, Daker contends that the R&R cites no evidence in support of its conclusion that statements in his IFP affidavits were

---

[25]   *Id.* at 8–11.

[26]   *Id.* at 11–15.

[27]   *Id.*

[28]   *Id.* at 15–22.

[29]   *Id.* at 19–22.

false. He unabashedly claims that he did not know he owned the valuable assets identified in the R&R, and, in any event, he was not required to report those assets because they were household furnishings that the application form expressly excluded.[30] Finally, and more generally, Daker argues throughout his objections that he has no affirmative duty to disclose changes in his finances and that he is entitled to an evidentiary hearing.

### C. Analysis of Daker's Objections

#### 1. Liberal Construction

Concerning Daker's first objection, the Court notes that, while *pro se* plaintiffs are entitled to liberal construction of their *pleadings*, they must nonetheless abide by the requirements of the Federal Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of pro se litigants, we nevertheless have required them to conform to procedural rules" (cleaned up)); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court."). IFP

---

30   *Id.* at 28–44.

affidavits are not pleadings. Fed. R. Civ. P. 7(a). They are, however, required to be made under penalty of perjury. 28 U.S.C. §§ 1746, 1915(a)(1). Even a liberal reading of Daker's IFP affidavits cannot excuse their falsehoods, misrepresentations, and material omissions.

### 2.   Duty to Update

With regard to Daker's third, fourth, fifth, and general objections, the Eleventh Circuit has made clear that, under Fed. R. Civ. P. 11,

> a party is responsible for reaffirming all contentions in papers filed before the court and informing the court of any changes of circumstances that would render a contention meritless.

*Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (per curiam) (citation omitted). In *Attwood*, the Court of Appeals held that, under Rule 11, a prisoner seeking to proceed IFP has an affirmative duty "to make reasonable inquiries into the veracity of information filed before the court and to advise the court of any changes." *Id.* at 613. This obligation clearly extends to information in an IFP affidavit. And dismissal of a case is appropriate "where a plaintiff deliberately fail[s] to advise the court of a prior determination that the plaintiff was not indigent." *Id.*; *see also Dawson v. Lennon*, 797 F.2d 934, 935 (11th Cir. 1986) (Prisoner's "behavior in attempting to claim indigent status while failing to draw the court's attention to previous authoritative determinations of his lack of

indigency is sufficient evidence of bad faith to support the district court's exercise of discretion" in dismissing the prisoner's case with prejudice).

Here, Daker never informed the Court that (1) when he was ordered to file an updated IFP affidavit, he had funds to pay the filing fee, (2) he obtained significant funds after filing his second affidavit (discussed further below), and (3) more than one court had previously determined that he (a) was not qualified to proceed IFP and (b) had lied in previous IFP affidavits. Daker had an affirmative duty to provide this information to the Court, and his arguments to the contrary are specious. The Eleventh Circuit's opinion in *Collier v. Tatum*, 722 F.2d 653 (11th Cir. 1983), does not—as Daker claims—indicate that "an IFP litigant is not required to volunteer every change to his circumstances or every time they occur until the Court inquires."[31] Instead, *Collier* merely discusses the fact that a prisoner litigant can be required to pay a partial filing fee if he has some assets but is unable to pay the full amount. *Id.* at 655.

Daker also contends that *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam), held that "a court cannot fault a plaintiff for not providing information in an IFP affidavit if the affidavit questionnaire fails to ask

---

[31]   ECF 79, at 26.

for that information."[32] This, too, is incorrect. In *Martinez*, the Eleventh Circuit reversed a district court's denial *without explanation* of IFP status to a plaintiff. The portion of the opinion Daker cites merely discusses the fact that, since the district court's IFP form did not provide a space for the plaintiff to supply information regarding her liabilities and expenses, the district court did not determine whether she satisfied the poverty requirement for proceeding IFP. *Id.* at 1307–08.

Neither *Collier* nor *Martinez* held that a litigant seeking to proceed IFP is not obligated to provide the Court with material information about his financial status—such as multiple determinations that he has lied about that status and his ability to pay. The Eleventh Circuit has made clear that Rule 11 requires a prisoner seeking to proceed IFP to disclose such information; the failure to do so is grounds for dismissal with prejudice. *Attwood*, 105 F.3d at 613; *Dawson*, 797 F.2d at 935.

### 3.    Ability to Pay

Daker has repeatedly been denied leave to proceed IFP based on the findings of multiple courts that he is not indigent and has misrepresented his financial status. He did not disclose this information in either his first or second IFP affidavits. Even if the information in Daker's second affidavit had been true at

---

32    *Id.* at 11.

the time he filed it,[33] it is clear that at some point thereafter he obtained a significant amount of funds. On December 8, 2021, the magistrate judge ordered Daker to file the second IFP affidavit.[34] Daker dated the affidavit March 4, 2022, and it was received by the Clerk on April 8.[35] He averred that he had just over $500 spread over four savings and checking accounts.[36] His claim that he was unable to pay the filing fee in this case, however, was demonstrably false.

From February through September 2022, Daker spent at least $3,725 on court filing fees *after* he had been directed to submit the updated financial affidavit in this case.[37] Notably, Daker paid a $505 filing fee in the Eleventh Circuit on February 25, 2022, after having been directed to file the updated IFP affidavit but

---

33   ECF 74.

34   ECF 67.

35   ECF 74.

36   *Id.* at 2.

37   Specifically, Daker spent either $505 (11th Circuit) or $400 (district court) on filing fees: February 25, 2022, in *Daker v. Ward*, Case No. 22-10632 (11th Cir.); May 24, 2022 in *Daker v. Ward*, Case No. 6:22-CV-00036 (S.D. Ga.); June 13, 2022 in *Daker v. Laidler*, Case No. 22-12109 (11th Cir.); June 16, 2022, in *In re Daker*, Case No. 22-11983 (11th Cir.); July 14, 2022, in *Daker v. Comm., Ga. Dep't Corr.*, Case No. 22-12369 (11th Cir.); August 22, 2022, in *Daker v. Owens*, Case No. 22-12830 (11th Cir.); September 19, 2022 in *Daker v. Ward*, Case No. 5:22-cv-00340 (M.D. Ga.) and in *Daker v. Dozier*, Case No. 6:22-cv-00072 (S.D. Ga.).

before he submitted it. Since then, Daker has paid the fees in seven cases *in this Circuit*, including new cases in the district courts.

It is also apparent that Daker had the ability to pay the filing fee when he initiated this action on October 6, 2016. His first IFP affidavit averred that he had no cash in any checking or savings account and had $422,000 in total debt (including his mortgage).[38] However, in May 2015, another judge in this district found that Daker's allegations of poverty were untrue. *Daker v. Owens*, Case No. 1:15-cv-512, ECF 12 (N.D. Ga. May 26, 2015), *aff'd sub nom. Daker v. Comm'r, Ga. Dep't of Corr.*, No. 15-13147-D (11th Cir. Nov. 18, 2016). Daker's family purportedly received approximately $3,100 a month in rent from his house from March 2015 through February 2016 that Daker contends was used to pay the mortgage. *Daker v. Jackson*, Case No. 1:17-cv-0366, ECF 2, at 2 (N.D. Ga. Jan. 30, 2017). Daker also owned substantial personal property and an annuity at the time he filed suit.[39]

When Daker submitted his second IFP affidavit here, claiming penury so he would not have to pay the filing fee, he was also filing new cases in the Southern and Middle Districts of Georgia and paying the filing fees *there*. The reason for

---

[38]   ECF 2.

[39]   ECF 75, at 3.

Daker's conduct is plain: As a three-striker under 28 U.S.C. § 1915(g), Daker can no longer proceed IFP in new cases; since this case was initiated before Daker became subject to that restriction, the statute does not prevent him from seeking IFP status here. But this Court is under no obligation to sign off on Daker's efforts to game the system. The R&R correctly concluded that Daker's conduct has been in bad faith and that sanctions are appropriate.

### 4.   Daker's Knowledge

Daker is well aware that conduct of this sort will lead to sanctions. In *Daker v. Head*, the Eleventh Circuit affirmed a district court's dismissal with prejudice of his *pro se* complaint because of his untrue allegations of poverty. No. 19-13101, 2022 WL 2903410, at *1 (11th Cir. July 22, 2022). The court cited *Dawson* for the proposition that "the litigant acts in bad faith if he fails to notify a court of previous authoritative determinations of his lack of indigency." *Id.* at *3 (concluding that "Daker's repeated decisions to pursue IFP status no matter if he is indigent shows a blatant history of abuse of the judicial system").

Despite his knowledge, Daker doubled down in his objections to the R&R. The objections indicate that, when Daker sold his house, he had $119,000 in equity;

they also provide a purported accounting of how that money was spent.[40]

However, in a separate case, the Eleventh Circuit determined—based on Daker's

own statements— that Daker actually had $160,000 in equity at the time of the sale.

*Id.* Thus, based on the expenditures that Daker claims he made with the funds

from the sale of his home, he has not accounted for at least $38,000 of his profit.

While having owned a home did not and does not automatically disqualify Daker

from proceeding IFP (as he suggests in his second objection), having sold his home

and profited from it, Daker was well aware that he was obligated to show why he

was unable to pay the filing fee in this case despite that profit.

### 5. Daker's Lack of Credibility

Finally, and in light of Daker's long and documented history of providing

false and misleading information about his financial status, the Court finds that

Daker's unsupported assertions of indigency entirely lack credibility. As another

district court judge detailed:

> Numerous courts have found that [Daker]'s allegations
> of poverty are disingenuous, at best, or outright false.
> *See, e.g., id.*; *Daker v. Warren*, Order Den. Leave Proceed
> IFP, No. 14-13042-C (11th Cir. Apr. 30, 2015) (summarily
> denying leave to proceed in forma pauperis because "the
> statements in Daker's affidavit of poverty are untrue");
> *Daker v. Head*, Case No. 5:14-CV-136-MTT-CHW, 2019

---

40    ECF 79, at 11–15.

WL 4398508, at *1 (M.D. Ga. Apr. 22, 2019) (recommending dismissal pursuant to 28 U.S.C. § 1915(e)(2)(A)); *Daker v. Dozier*, Civil Action No. 6:17-cv-110, 2017 WL 4448234, at *7 n.5 (S.D. Ga. Oct. 5, 2017) (noting that "it still appears that Daker is attempting to understate his assets in order to shirk his obligation to pay the full filing fee"); *Daker v. United States*, Civil Action No. 6:15-cv-49, 2017 WL 2312946, at *5 n.5 (S.D. Ga. May 26, 2017) (noting that [Daker]'s untruthful allegations of poverty provided an alternative ground for dismissal of complaint); *Daker v. Poff*, Case No. CV416-158, 2016 WL 9138070, at *2 (S.D. Ga. July 25, 2016) ("Daker's utter indigency claim is, at a minimum, dubious."); *In re Daker*, Civil Action No. 1:03-CV-2526-RWS, 2015 WL 12867014, at *1 (N.D. Ga. Aug. 28, 2015) (denying motion for permission to proceed in forma pauperis because allegations of poverty were untrue); Order, *Daker v. Dawes*, ECF No. 3 in Case No. 1:12-CV-119-RWS (N.D. Ga. Feb. 2, 2012) (magistrate judge finding that earlier-filed IFP affidavit had concealed [Daker]'s true, substantial net worth); *see also Daker v. Robinson*, 694 F. App'x 768, 769 (11th Cir. 2017) (per curiam) (affirming dismissal of two complaints on basis of district court's findings that [Daker] was not indigent); Order Dism. Appeal as Frivolous 10, *Daker v. Governor*, Appeal No. 15-13179 (11th Cir. Dec. 19, 2016) ("[T]he district court did not abuse its discretion in denying Mr. Daker's IFP motion after determining that his allegation of poverty was untruthful."). This "clear pattern" of deception is indicative of [Daker's] bad faith and demonstrates that dismissal with prejudice is appropriate in this case.

*Daker v. Owens*, 5:20-CV-354-TES-CHW, 2021 WL 1321335, at *4 (M.D. Ga. Jan. 5, 2021).

### 6.      An Evidentiary Hearing Is Not Appropriate.

Despite Daker's repeated requests for an evidentiary hearing,[41] he is not entitled to one under these facts. A party is entitled to notice and an opportunity to respond before a dismissal with prejudice for violations of Rule 11(b). Fed. R. Civ. P. 11(c). Daker has received both notice—in the form of the R&R, which recommended the sanction of dismissal with prejudice—and the opportunity to respond—which he did by objecting. *See, e.g.*, *Head*, 2022 WL 2903410, at *2 (holding that the district court did not err in refusing to grant Daker a hearing before dismissing his complaint with prejudice for his false statements on an IFP application when Daker was given the opportunity to object to the magistrate judge's recommendation); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (per curiam) (concluding the plaintiff had notice and an opportunity to respond where the magistrate judge's report and recommendation advocated dismissal and the plaintiff filed objections to the report; the district court reviewed the report *de novo* before adopting it and dismissed the complaint); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (holding that the plaintiff was not denied due process where the court reviewed the magistrate judge's recommendation *de novo*

---

[41]    *See, e.g.*, ECF 79, at 21, 22, 45–47.

and the plaintiff had an opportunity to object). Daker is not automatically entitled to a hearing, and he has not shown that one is necessary.

Daker argues that his IFP affidavits are entirely accurate and that, to prove this, he needs a hearing. He proposes to subpoena bank records and witnesses such as the friends who allegedly gave him funds to pay filing fees and who were repaid out of the proceeds of the sale of his home.[42] However, Daker has not shown that (1) he needs a subpoena to secure records regarding his own bank accounts, (2) information from accounts that are not his own is necessary to show the accuracy of his affidavits, or (3) he cannot secure declarations from his friends or the lawyer whom he reportedly paid out of the sale proceeds. Even more fundamentally, neither bank records nor his friends' testimony could explain away that Daker (1) paid thousands of dollars in filing fees in other cases *during this action* and (2) never informed the Court of any changes in his ability to pay the filing fee here. "There is no question that proceeding *in forma pauperis* is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) (citing *Carter v. Thomas,*

---

[42]   ECF 79, at 20–22, 46–47.

527 F.2d 1332 (5th Cir. 1976); *Watson v. Ault,* 525 F.2d 886 (5th Cir. 1976), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994)).

### D.     Sanctions Are Warranted.

As should be clear from the discussion above, Daker has engaged in an ongoing pattern of abusive and fraudulent behavior—in both this and other courts. Under such circumstances, a litigant's complaint is subject to dismissal with prejudice even for minor discrepancies in his IFP affidavit. *Camp v. Oliver*, 798 F.2d 434, 437–38 (11th Cir. 1986) (discussing *Collier v. Reigio,* 760 F.2d 279 (11th Cir. 1985)). Accordingly, the Court concludes that Daker is not entitled to proceed IFP and that his Complaint should be dismissed with prejudice as a sanction under Rule 11(b).

### E.     Failure to State a Claim

The Court now turns to the specific issues raised by the Eleventh Circuit's remand order. Daker's Complaint asserts claims under Section 1983 because state court judges and officials allegedly mishandled or improperly denied his habeas corpus and mandamus petitions.[43] Court clerks and other court employees are encompassed by judicial immunity "when their official duties have an integral relationship with the judicial process." *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir.

---

[43]     *See generally* ECF 1.

1994) (cleaned up). All Defendants are therefore immune from money damages. But Daker also seeks (1) "declaratory judgment that Defendants violated his right of access to the Courts," and (2) unspecified "injunctive prospective, and equitable relief."[44] The Court of Appeals directed this Court to address whether Daker (1) was entitled to injunctive relief because declaratory relief was not available or (2) made the necessary showing under *Bolin* if declaratory relief *was* available.[45]

"[A] plaintiff cannot obtain an injunction against a state court judge unless the plaintiff establishes that the judge acted in a non-judicial capacity, or if the judge acted in a judicial capacity, that the judge violated a declaratory decree or that declaratory relief is unavailable to the plaintiff." *Aruca v. Allan*, No. 22-11017, 2022 WL 5089604, at *1 (11th Cir. Oct. 5, 2022); *see also* 42 U.S.C. § 1983; *Bolin*, 225 F.3d at 1242 (same).

Daker does not allege that any Defendant acted in a non-judicial capacity or outside of the judicial process. Nor could he. All of the actions about which Daker complains concern the manner in which Defendants allegedly handled civil actions he initiated. Daker does not allege the violation (or existence) of a declaratory decree or plead that declaratory relief was unavailable. *Bolin*, 225 F.3d

---

[44]   ECF 1, at 15.

[45]   *Id.* at 6–7 (footnote omitted).

at 1236, 1242; *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (applying *Bolin* to claims for declaratory and injunctive relief against judicial officials in suits against state court judges). Daker has thus failed to state a claim for injunctive relief. Further, "[i]n order to receive declaratory or injunctive relief, plaintiffs must establish . . . the absence of an adequate remedy at law." *Bolin*, 225 F.3d at 1242; *see also Sibley*, 437 F.3d at 1073–74.[46] Because adequate remedies at law were available, Daker cannot allege any entitlement to declaratory or injunctive relief.

Specifically, with respect to the state-court cases that he contends were improperly dismissed or were the subject of improper rulings, Daker had the opportunity to seek appellate review in the Georgia Supreme Court. As to those cases that he contends were not properly processed, Daker could have sought a writ of mandamus in the state courts. *Wells v. Miller*, 652 F. App'x 874, 875 (11th Cir. 2016) ("Appealing a judge's ruling or seeking the extraordinary writ of mandamus both constitute adequate remedies at law.") (citing *Bolin*, 225 F.3d at 1234); *see also Rickett v. Georgia*, 276 Ga. 609, 610 (2003) (noting that mandamus is

---

[46] ECF 62, at 6 ("For a plaintiff to receive injunctive relief against a judicial officer under § 1983, the officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable, 42 U.S.C. § 1983; to receive declaratory relief, the plaintiff must establish a violation, a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law, *Bolin*, 225 F.3d at 1242.").

an available remedy under Georgia law to compel a superior court judge to hold a hearing and issue a ruling on a habeas petition); O.C.G.A. § 9-6-20 ("All official duties should be faithfully performed, and whenever, from any cause, a defect of legal justice would ensue from a failure to perform or from improper performance, the writ of mandamus may issue to compel a due performance if there is no other specific legal remedy for the legal rights."). To the extent Daker contends that Defendants ignored his mandamus petitions, he could have sought further relief from the Georgia Supreme Court. *Burke v. Probst*, 246 Ga. 687, 687 (1980) (ruling on a superior court judge's refusal to issue a *mandamus nisi*).

In short, Daker cannot state a claim for entitlement to equitable relief because he has not shown that declaratory relief was unavailable and there were adequate remedies at law available to him. *Kapordelis v. Carnes*, 482 F. App'x 498, 499 (11th Cir. 2012) (noting that Section 1983 "limits the relief available to plaintiffs to declaratory relief" but concluding that the plaintiff was not entitled to such relief because he had an adequate remedy at law) (citing *Bolin,* 225 F.3d at 1241–43); *Sibley*, 437 F.3d at 1074.

## IV.   Conclusion

Daker's Objections [ECF 79] are **OVERRULED**. The R&R [ECF 75] is **ADOPTED** as the Order of this Court. The instant action is **DISMISSED** pursuant

to Rule 11 and 28 U.S.C. § 1915(e)(2)(A) and § 1915A for Daker's abusive and bad faith misrepresentations in his IFP affidavits and his failure to state a claim for relief. Daker is further cautioned that objections to reports and recommendations are limited to 25 pages. LR 7.1(D), NDGa. Objections in excess of that page limit will be summarily stricken in all of Daker's cases unless he has first sought and been granted leave to exceed the page limit.

**SO ORDERED** this 28th day of August, 2023.

Steven D. Grimberg
United States District Court Judge